IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR SMITH,

    Plaintiff,

vs.                                                                       No. CIV 19-1054 JB\JHR

DOUGLAS M. BROWN; PATRICIA
YOUNG; NASHA TORREZ; TIM MAY;
NINA FOX; CAITLIN HENKE; JESSICA
HIDALGO HOLLAND; UNIVERSITY OF
NEW MEXICO POLICE DEPARTMENT;
and UNIVERSITY OF NEW MEXICO,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court, under rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Plaintiff's untitled response, filed November 19, 2019 (Doc. 8)("Response"). Plaintiff Victor Smith appears pro se. For the reasons set out below, the Court will dismiss this case with prejudice for failure to state a claim for which relief can be granted.

**PROCEDURAL BACKGROUND**

Smith filed a Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed November 12, 2019 (Doc. 1)("Complaint"), alleging:

> On May 31, 2017 while I was sitting in front of the computer receiving information exercising my First Amendment Right (See Kreimer vs Bureau of Police for Town of Morristown) Officer Patricia Young with malice approached me and said: "I want to get rid of you kind of people" while pointing her finger at me. I was the only Afro-American in the library at this time.
>
> . . . .
>
> On March 1, 2018 on the University of New Mexico main campus at the Women's Resource Center Room 1160 four UNM P.D. police officers two male and two female. The two females were: Patricia Young and Mary Ann Wallace I

>Victor Smith was totally alone in the computer room pod.  Mary Anne Wallace indicate and incorrectly and falsely accused me of incorrect claims in violation of the [5th, 8th and 14th Amendments to the Constitution of the United States of America].
>
>. . . .
>
>On March 1, 2018 UNM P.D. Police Officer Mary Anne Wallace presented and gave me a copy letter from the Dean of Students falsely and without evidence and incorrectly charged me #2.1 and 2.17 accusing me of actions physically harming the person and/or the property of others or which cause reasonable apprehension of physical harm.
>
>. . . .
>
>On March 1, 2018 Mesa Vista Hall Room 1160 (MSC06 3910) approx: 1:00 p.m. UNM P.D. Officer Patricia Young and especially Mary Ann Wallace acted and engaged in intentionally targeting someone with a behavior that is meant to alarm annoy to torment and terrorize.
>
>. . . .
>
>On May 31, 2017, and March 1 2018 Paticia Young conducted her self in a behaivior and conduct of discriminating because of sex and color ignoring her legal responsabilities, such as Title VII in protecting my rights to Const Art 1 of free information kicking me out of the library while saying "I want to get rid of you people."
>. . . .
>
>On 05/31/17 at 11.12 Sgt. officer Fox approved Patricia Young "Defamatory statements concerning Plaintiff, made an unprivileged publication to a third party and acted at least negligent in publishing the communication.

[sic] Complaint at 1-4.  Smith seeks the following relief: (i) "to be re addmitted [sic] to the Main Campus at the University of New Mexico, to further and complete my education"; (ii) "to have all of these incorrect charges entirely dismissed"; and (iii) "monetary financial compensation." Complaint ¶ D2, at 5.

The Honorable Jerry H. Ritter, United States Magistrate Judge for the District of New Mexico, explained to Smith that:

> The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007). The few factual allegations regarding Defendants University of New Mexico, University of New Mexico Police Department, Young and Wallace do not state a violation of a right secured by the Constitution and laws of the United States. See Hogan v. Winder, 762 F.3d 1096, 1112 (10th Cir. 2014) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)) ("Under 42 U.S.C. § 1983, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States.'"). There are no factual allegations regarding Defendants Douglas M. Brown, University of New Mexico, University of New Mexico Police Department, Tim May, Nasha Torrez, Caitlin Henke or Jessica Hidalgo Holland.

Memorandum Opinion and Order Granting Leave to File Amended Complaint, filed November 15, 2019 (Doc. 5)("Magistrate Judge's Order").

Smith filed a response before the December 6, 2019, deadline for filing an amended complaint and attaches a note that states:

> I Victor Smith did "include" the additional "Attached Documents" as was . . . requested previously. It was literally "Incorrectly" stated on the District of New Mexico - Version 6.2.3 (Albuquerque): Civil Docket for case (1:19-cv-01054-JHR) that says no document attached "But" they were and are definitely "Included" from last time." (I am re attaching them for a second time)

Response at 1 (emphasis in original). Attached to the response are: (i) the first page of a letter from the UNM Dean of Students Office, dated June 14, 2017, to Smith; (ii) a State of New Mexico Uniform Incident Report, issued by "UNMPD/Bernalillo" regarding a "Public Nuisance" incident, which occurred on May 31, 2017; and (iii) copies of pages 2, 4 and 6 of the Complaint. Response at 3.

Smith previously has filed other actions against some of the same Defendants that are named in this action asserting similar claims arising on the University of New Mexico campus. See Smith v. Torrez, 428 F. Supp. 3d 629 (D.N.M. 2019)(Browning, J.)(dismissing case without

prejudice, under 28 U.S.C. § 1915 and rule 12(b)(6), for failure to state a civil rights claim for relief under 42 U.S.C. § 1983)("Judge Browning's Order"); Smith v. Univ. of N.M., No. CIV 19-0741 JAP\SMV, 2019 WL 6039930 (D.N.M. Nov. 14, 2019)(Parker, J.)(dismissing case without prejudice under 28 U.S.C. § 1915 for failure to state a civil rights claim for relief under 42 U.S.C. § 1983, and because Smith failed to supplement the complaint after the Court ordered him to do so)("Judge Parker's Order"); Smith v. May, No. CIV 18-0881 KG\SCY, 2019 WL 5924393 (D.N.M. Nov. 13, 2018)(Gonzales, J.)(dismissing case without prejudice, under 28 U.S.C. § 1915, for failure to state a civil rights claim for relief under 42 U.S.C. § 1983)("Judge Gonzales' Order").

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds him or her "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 570 (2007).  A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6).  While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Curley v. Perry, 246 F.3d 1276, 1282 (10th Cir. 2001)(quoting Hall v. Bellmon, 935 F.3d at 1110).

## ANALYSIS

Having carefully reviewed Smith's Response and the relevant law, the Court will dismiss this case for failure to state a claim for which relief can be granted.  Smith's Complaint does not state a claim for which relief can be granted, and he did not file an amended complaint after leave and explanation.  See Magistrate Judge's Order at 3.  Construing Smith's response as an amendment to the Complaint, it too fails to state a claim.  The Court previously has explained the allegations necessary to state claim to 42 U.S.C. § 1983.  See Smith v. Torrez, 428 F. Supp. 3d at 634-35;  See also Smith v. University of New Mexico, 2019 WL 6039930, at *2; Smith v. May, 2018 WL 5924393, at *2.  Despite those explanations, Smith has filed yet another Complaint in this case which does not state a claim.  After the Magistrate Judge Ritter allowed Smith an opportunity to amend his Complaint, Smith did not file an amended complaint which states a claim. See Curley v. Perry, 246 F.3d at 1282 (stating that while dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'"patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile'")(quoting Hall v. Bellmon, 935 F.3d at 1110).

**IT IS ORDERED** that: (i) this case is dismissed with prejudice; and (ii) and Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Victor Smith
Albuquerque, New Mexico

    *Plaintiff pro se*