IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR SMITH,

    Plaintiff,

vs.                                                             No. CIV 19-1054 JB/JHR

DOUGLAS M. BROWN, President of the
University of New Mexico Board of Regents;
UNIVERSITY OF NEW MEXICO POLICE
DEPARTMENT; TIM MAY; NASHA
TORREZ; Sgt. NINA FOX; PATRICIA
YOUNG; CAITLIN HENKE and JESSICA
HIDALGO HOLLAND,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION

**THIS MATTER** comes before the Court on the Plaintiff's Reasons for Reinstatement for Appeal and to Reverse "Dismissal," filed May 20, 2022 (Doc. 16)("Motion"). The Court construes the Motion liberally as a motion for reconsideration that asks the Court to vacate its Memorandum Opinion and Order of Dismissal, filed June 23, 2020 (Doc. 10)("Dismissal Order"), and Final Judgment, filed June 23, 2020 (Doc. 11), and reopen Plaintiff Victor Smith's case. See Motion at 1. The Court denies Smith's Motion as untimely.

## PROCEDURAL BACKGROUND

Smith, proceeding pro se, sued the Defendants for alleged violations of his constitutional rights in 2019.[1] See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed November 12, 2019 (Doc. 1)("Complaint"). His original Complaint did not state a claim under 42 U.S.C. § 1983,

---

[1]For a more thorough discussion of Smith's allegations and pre-dismissal procedural history, see Dismissal Order at 1-4.

and the Honorable Jerry H. Ritter, United States Magistrate Judge for the United States District Court for the District of New Mexico, granted Smith leave to amend the Complaint.  See Memorandum Opinion and Order Granting Leave to File Amended Complaint at 3, filed November 15, 2019 (Doc. 5).  Smith timely responded on November 19, 2019.  See Letter from Victor Smith to the Court (dated November 19, 2019), filed November 19, 2019 (Doc. 8)("Response Letter").  Construing the Response Letter as an amendment to the Complaint, the Court concluded that Smith still failed to state a claim under 42 U.S.C. § 1983, and dismissed Smith's case with prejudice.  See Dismissal Order at 5-6.  The Court entered Final Judgment on June 23, 2020, see Final Judgment at 1, and Smith appealed the Dismissal Order, see Notice of Appeal, filed August 11, 2020 (Doc. 12).  The United States Court of Appeals for the Tenth Circuit dismissed Smith's appellate case for want of prosecution.  See Order, filed September 2, 2022 (Doc. 15-1).  Over twenty months later, in May, 2022, Smith filed the Motion.  See Motion at 1. In the Motion, Smith makes the following arguments to assert that Final Judgment should be vacated and the case reopened:

> #1.)    The judge first granted myself (Victor Smith) a hearing after I paid the initial $400.00 [filing fee] but they dismissed it after granting it to me.
>
> #2.)    It was incorrectly and unaccurately [sic] stated that I did not want a jury but a judge instead[.]  That is false I have included a consent to proceed form to prove that.
>
> #3.)    I did show cause why the defendant violated me . . . sampls [sic] are included.

Motion at 1.[2]

---

[2]Smith also states: "#4.) Let me know if you have any additional info."  Motion at 1.  Smith's additional statement is noted here for completeness' sake, but, because the request does not state any plausible grounds for relief, the Court does not discuss it further.

**LAW REGARDING PRO SE LITIGANTS AND RELIEF FROM FINAL JUDGMENT**

Courts construe pro se litigants' pleadings liberally and hold them to a less stringent standard than if lawyers drafted the pleadings.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Courts will not assume, however, the role of the litigant's advocate.  See Hall v. Bellmon, 935 F.3d at 1110.  Pro se litigants still must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.  See Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

On motion and "just terms," courts may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Motions under rule 60(b), however, "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  Whether a motion to reconsider is made within a reasonable time depends on the case's facts, considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties.  See Felts v. Accredited Collection Agency, 267 F.R.D. 377, 380

(D.N.M. 2010)(Johnson, J.)(quoting United States v. All Monies from Account No. PO-204,675.0, No. 97-1250, 162 F.3d 1174, 1998 WL 769811, at *5 (10th Cir. October 29, 1998)(unpublished table opinion).[3]

## ANALYSIS

Smith's Motion is untimely under rule 60(c)(1), and the Court thus denies the Motion. As noted above, Smith filed the Motion over one year after Final Judgment's entry; therefore, grounds (1), (2), and (3) are unavailable to him. See Fed. R. Civ. P. 60(c)(1). Grounds (4), (5), and (6), too, are unavailable, because Smith did not move for relief within a reasonable time.[4] Smith states no legitimate grounds for relief from Final Judgment that do not appear in his Complaint or Response. At best, his third ground for relief suggests that Smith sincerely believes that his constitutional rights were violated, and that he wishes to adjudicate that claim on its merits. See Motion at 1. This argument is merely a short restatement of two of his original allegations that the Court found insufficient. Meanwhile, the Defendants have a strong interest in the finality of the

---

[3]United States v. All Monies from Account No. PO-204,675.0 is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. All Monies from Account No. PO-204,675.0, No. 97-1250, 162 F.3d 1174, 1998 WL 769811 (10th Cir. October 29, 1998), has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Order.

[4]Even if the Motion were timely under the "reasonable time" standard, Smith does not allege facts suggesting he satisfies the criteria for grounds (4), (5), or (6). See Motion at 1.

judgment in their favor and would be prejudiced by re-litigation of issues that the Court decided years ago and of conduct that allegedly occurred even further back.  There is thus no solid reason to vacate Final Judgment and reopen this case.

**IT IS ORDERED** that the Plaintiff's Reasons for Reinstatement for Appeal and to Reverse "Dismissal," filed May 20, 2022 (Doc. 16), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Victor Smith
Albuquerque, New Mexico

    *Plaintiff pro se*